UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA SPRINGETT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REGAL CINEMAS, INC.,<br><br>Defendant. | Civil Action No.  3:23-cv-1401 (MAD/ML)<br><br>**CLASS ACTION COMPLAINT** |

## NATURE OF THE ACTION

1.    This is a class action on behalf of all non-managerial employees at Regal Cinemas movie theaters, including but not limited to "Floor Staff," "Cast Members," and "Supervisors," employed by Defendant in New York State on or after August 1, 2023.[1]

2.    New York Law requires companies to pay their manual workers on a weekly basis unless they receive an express authorization to pay on a semi-monthly basis from the New York State Department of Labor Commissioner.  *See* New York Labor Law ("NYLL"), Article 6, §191.

3.    Defendant has received no such authorization from the New York State Department of Labor Commissioner.

4.    The New York Court Of Appeals has explained that this law is "intended for the protection of those who are dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (citing former Labor Law § 196).

5.    Defendant has violated and continues to violate this law by paying its manual

---

[1] NYLL § 191 provides a six-year statute of limitations.  However, Defendant is a subsidiary of Cineworld Group, which emerged from Chapter 11 bankruptcy on July 31, 2023.

workers every other week rather than on a weekly basis.

6.        Defendant is the owner and operator of a movie theater chain.  Defendant's

theaters are staffed primarily by employees bearing the job titles "Floor Staff" or "Cast

Member."  These two job titles are used interchangeably at various locations to describe the

same job.  This job entails significant manual labor, including:  preparing and serving food at

concession stands and general cleaning duties,[2] transporting heavy bags and/or boxes of food

from various locations within the theatre to cooking areas, cooking various food items in ovens

and deep fryers, serving food to customers, and disassembling and cleaning/disinfecting popcorn

machines, pizzas ovens, and deep fryers at the end of the day.

7.        Floor Staff and/or Cast Members are also responsible for cleaning theaters, which

consists of:  throwing out trash and recyclables, replenishing garbage bags and taking the

garbage out, wiping down all counters in concession and/or vending areas, and cleaning theaters

in between movies which includes throwing out garbage left behind, sweeping floors, and

disinfecting theatre seats.  Far more than 25% of their time is spent engaging in physical labor.

8.        During each shift, Defendant employs Supervisors as well.  Supervisors conduct

the same duties as Cast Members and/or Floor Staff, while also supervising others to make sure

the same duties are accomplished.  Supervisors do not have the authorization to hire or fire any

---

[2] Defendant's Indeed job posting for "Floor Staff" positions throughout New York list "monitoring the cleanliness and operation of theatre vending equipment" as the primary job responsibility.  *See* https://www.indeed.com/jobs?q=Regal%20theatre&vjk=b590e2e17aa51128&mna=5&aceid&gclid=Cj0KCQjwhqaVBhCxARIsAHK1tiOn7OGowSP7jaz0xfngTuOGMbrPBik4UDeQmnT2ZfJac-59V9Y9xe4aAh3oEALw_wcB&redirected=1.  Indeed is a popular website where job seekers can find information about potential job openings, and the various requirements and tasks a job entails, among other job-related details.

other employees.  Far more than 25% of Supervisors' working time is spent performing the same physical tasks as Floor Staff and/or Cast Members.

9.      Each theater location has one manager.  This is the sole employee with the authority to hire and fire other employees at that location.  Managers are not included in the putative Class definition.

10.      Plaintiff therefore demands liquidated damages, interest, and attorneys' fees on behalf of himself and a putative class comprised of all non-managerial employees at Regal Cinemas move theaters, including but not limited to "Floor Staff," "Cast Members," and "Supervisors," employed by Defendant in New York State on or after August 1, 2023.

## JURISDICTION AND VENUE

11.      This Court has personal jurisdiction over Defendant because Defendant conducts business in New York.  Defendant owns and operates numerous Regal Cinemas locations within New York.

12.      This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

13.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred.

## PARTIES

14.     Defendant Regal Cinemas, Inc. is a Tennessee corporation with a principal place of business in Knoxville, Tennessee.  Defendant owns and operates Regal Cinemas locations that employ hundreds, if not thousands, of manual workers in the State of New York.

15.     Plaintiff Joshua Springett is a citizen of New York who resides in Ithaca, New York.  Plaintiff has been employed by Defendant since December 2022 at Regal Cinemas locations in Ithaca and Horseheads, New York.  At least 25% of Plaintiff's job responsibilities at Regal included manual labor, including tasks such as cooking food items in ovens and/or deep fryers and serving food to customers, cleaning restrooms and trash receptables, cleaning popcorn machines, ovens, and deep fryers, cleaning the concession and vending areas, transporting bags and boxes of food up and down stairs, and selling tickets to customers.  Plaintiff was on his feet the entirety of his employment with Defendant, largely performing the above-listed tasks. Plaintiff was paid every other week, rather than weekly, during the entirety of his employment with Defendant.  Thus, for half of each biweekly pay period, Plaintiff was injured in that he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully his.  Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money.

## CLASS ACTION ALLEGATIONS

16.     Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to represent a class defined as of all non-managerial employees at Regal Cinemas movie theaters, including but not limited to "Floor Staff," "Cast Members," and "Supervisors," employed by Defendant in New York State on or after August 1, 2023.

17.     Members of the Class are so numerous that their individual joinder herein is

impracticable.  On information and belief, members of the Class number in the thousands.  The

precise number of Class members and their identities are unknown to Plaintiff at this time but

may be determined through discovery.  Class members may be notified of the pendency of this

action by mail and/or publication through the employment records of Defendant.

18.     Common questions of law and fact exist as to all Class members and predominate

over questions affecting only individual Class members.  Common legal and factual questions

include but are not limited to:  whether Defendant was required to pay Class members on a

weekly basis, whether Class members were paid on a weekly basis, and whether Defendant

violated NYLL § 191.

19.     The claim of the named Plaintiff is typical of the claims of the Class in that the

named Plaintiff worked as a Floor Staff and/or Cast Member for Defendant during the class

period but was not provided with compensation for his work on a weekly basis.

20.     Plaintiff is an adequate representative of the Class because his interests do not

conflict with the interests of the Class members he seeks to represent, he has retained competent

counsel experienced in prosecuting class actions, and he intends to prosecute this action

vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff

and his counsel.

21.     The class mechanism is superior to other available means for the fair and efficient

adjudication of the claims of the Class members.  Each individual Class member may lack the

resources to undergo the burden and expense of individual prosecution of the complex and

extensive litigation necessary to establish Defendant's liability.  Individualized litigation

increases the delay and expense to all parties and multiplies the burden on the judicial system

presented by the complex legal and factual issues of this case.  Individualized litigation also

presents a potential for inconsistent or contradictory judgments.  In contrast, the class action

device presents far fewer management difficulties and provides the benefits of single

adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

Defendant's liability.  Class treatment of the liability issues will ensure that all claims and

claimants are before this Court for consistent adjudication of the liability issues.

## CLAIMS FOR RELIEF

## COUNT I

### New York Labor Law – Failure to Pay Timely Wages

22.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

23.     The timely payment of wages provisions NYLL § 191 and its supporting

regulations apply to Defendant and protects Plaintiff and the Class.

24.     Defendant failed to pay Plaintiff and the Class on a timely basis as required by

NYLL § 191(1)(a).

25.     Due to Defendant's violations of the NYLL, Plaintiff and the Class are

entitled to recover from Defendant the amount of their untimely paid wages as liquidated

damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as

provided for by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated,

seeks judgment against Defendant, as follows:

a.      For an order certifying the Class under Rule 23 of the Federal Rules of Civil
        Procedure and naming Plaintiff as representative of the Class and Plaintiff's
        attorneys as Class Counsel to represent the Class members;

  b.   For an order declaring Defendant's conduct violates the law referenced herein;

  c.   For an order finding in favor of Plaintiff and the Class on the count asserted herein;

  d.   For liquidated damages in amounts to be determined by the Court and/or jury;

  e.   For prejudgment interest on all amounts awarded; and

  f.   For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses, and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  November 7, 2023      Respectfully Submitted,

               **BURSOR & FISHER, P.A**

               */s/ Alec M. Leslie*

               Yitzchak Kopel
               Alec M. Leslie
               1330 Avenue of the Americas
               New York, NY  10019
               Telephone: (646) 837-7150
               Facsimile: (212) 989-9163
               Email:  ykopel@bursor.com
                     aleslie@bursor.com

               *Counsel for Plaintiff*